UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THE ESTATE OF KEITH FRANKLIN, by its Personal Representative, KAREN FRANKLIN,<br><br>    Plaintiff,<br><br>v<br><br>STATE OF MICHIGAN DEPARTMENT OF CORRECTIONS-DUANE WATERS HEALTH CENTER, DANIEL H. HEYNS, individually and in his official capacity as the former Director of the Michigan Department of Corrections, CORIZON HEALTH, INC., a subsidiary of VALITAS HEALTH SERVICES, INC., JANAK R. BHAVSAR, M.D., individually and in his official capacity, DANIEL T. CARREL, D.O., individually and in his official capacity, SCOTT L. HOLMES, M.D., individually and in his official capacity, MCLAREN HEALTH CARE CORPORATION, a Michigan nonprofit corporation, CHERYL KOVALSKI, D.O., individually and in her official capacity, jointly and severally,<br><br>    Defendants. | No. 2:16-cv-13587<br><br>HON. LAURIE J. MICHELSON<br><br>MAG. DAVID R. GRAND<br><br><br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT DANIEL HEYNS' MOTION FOR SUMMARY JUDGMENT** |

Steve J. Weiss (P32174)
Patricia A. Stamler (P35905)
Hertz Schram, P.C.
Attorneys for Plaintiff
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000
pstamler@hertzschram.com
sweiss@hertzschram.com

_____

John L. Thurber (P44989)
Assistant Attorney General
Attorney for Defendant Daniel Heyns
Michigan Department of Attorney General
Complex Litigation Division
P. O. Box 30736
Lansing, MI 48909
(517) 373-6434
thurberj@michigan.gov

_____
Ronald W. Chapman, Sr., M.P.A., LL.M (P37603)
Carly Van Thomme (P59706)
Kevin A. McQuillan (P79083)
Chapman Law Group
Attorneys for Defendants Corizon Health, Inc., Janak Bhavsar, M.D.,
Scott Holmes, M.D., and Daniel Carrel, D.O.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
cvanthomme@chapmanlawgroup.com
kmcquillan@chapmanlawgroup.com

_____/

# REPLY BRIEF IN SUPPORT OF DEFENDANT
# DANIEL HEYNS' MOTION FOR SUMMARY JUDGMENT

Bill Schuette
Attorney General

John L. Thurber
Assistant Attorney General
Attorneys for Daniel Heyns
Civil Litigation, Employment &
Elections Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
thurberj@michigan.gov
P44989

Dated: October 1, 2018

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should this Court dismiss Franklin's Eighth Amendment claim against Heyns based on qualified immunity because Heyns lacked the requisite personal involvement to be liable under 42 U.S.C. § 1983?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>Authority</u>:  *Crump v. Lafler*, 657 F.3d 393 (6th Cir. 2011)

*Monell v. Department of Social Services*, 436 U.S. 658 (1978)

## STATEMENT OF FACTS

On August 27, 2018, Daniel Heyns field a motion for summary judgment. (R. #81, Pg ID 3548-3608.) On September 17, 2018, the Plaintiff, Karen Franklin, filed her response to Heyns' motion for summary judgment. (R. #85, Pg ID 6143-6168.)

## ARGUMENT

**I.  This Court should dismiss Franklin's Eighth Amendment claim against Heyns based on qualified immunity because Heyns lacked the requisite personal involvement under 42 U.S.C. § 1983.**

Franklin explicitly stated in her complaint she is suing Heyns in both his official and individual capacities. (R. #1, Pg ID 3, ¶ 5.) Franklin conceded in her response that she cannot recover money damages against Heyns in his official capacity. (R. #85, Pg ID 6162.) Claims may not be brought against the state or state officials in their official capacities. *Monell v. Department of Social Services*, 436 U.S. 658, 691 n. 54 (1978). *Monell* only applies to suits against local government officials sued in their official capacities. Accordingly, Franklin's claim against Heyns in his official capacity must be dismissed.

This Court should also dismiss Franklin's claim against Heyns in his individual capacity based on qualified immunity because Heyns did

1

not commit a constitutional violation. Moreover, it was not clearly established in 2014 that the policies referred to by Franklin violated clearly established law.

Specifically, Franklin argues that Carson City Correctional Facility Operating Procedure (OP) 06.05.104A (R. #85-10, Pg ID 8158-8164) and Michigan Department of Corrections (MDOC) Policy Directive (PD) 06.05.103 (R. #85-11, Pg ID 8165-8168) violate the Eighth Amendment. Franklin argues that policies that are designed to protect the health of prisoners are unconstitutional. Franklin's position is without merit. Neither of those policies violate the Eighth Amendment. In fact, OP 06.05.0104A is designed to protect the health of prisoners. ¶ I of OP 06.05.0104A (R. #85-10, Pg ID 8160) ensures that prisoners released on parole have proper medical care. Similarly, PD 06.05.103 provides that a Parole Eligibility Report should include a prisoner's physical and mental health information. (R. #85-11, Pg ID 8167). The Parole Board should take a prisoner's medical situation into account. For example, a prisoner who started chemotherapy should not be released on parole if the prisoner has no resources to continue chemotherapy in the community. Releasing a prisoner under those circumstances would make no sense. Another example is a situation

2

where a prisoner suffered a bad fall before being released on parole and the prisoner needed physical therapy to ambulate. A prisoner in that situation should not be released into the community unable to ambulate. Franklin argues that because a prisoner might decide to forego treatment to be paroled that OP 06.05.0104A and PD 06.05.103 violate the Eighth Amendment. Franklin turns the policies on their heads and argues that policies that promote the physical well-being of prisoners violate the Eighth Amendment. That argument makes no sense. The policies at issue make sure that no prisoner is sent into the community on parole without the ability to complete a medical treatment the prisoner started in prison. OP 06.05.0104A and PD 06.05.103 ensure that the MDOC fulfils its obligation under the Eighth Amendment to provide prisoners with medical care.

Moreover, in Michigan there is no right to parole. *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). While Franklin may have wanted to be paroled he had no right to parole. Therefore, delaying parole based on medical concerns cannot be a constitutional violation.

Furthermore, it was not clearly established in 2014 (when Franklin passed away) that either OP 06.05.104 A or PD 06.05.103 were unconstitutional. Franklin did not cite to a single case which

3

found either OP 06.05.104A or PD 06.05.103 unconstitutional, or even questioned their validity. No reasonable government official could have known in 2014 that making sure that prisoners received adequate health care before they paroled could be held liable for damages. Accordingly, Heyns is entitled to qualified immunity.

## CONCLUSION AND RELIEF REQUESTED

Heyns requests this Court to find that he is entitled to qualified immunity and to dismiss Franklin's complaint against him in its entirety.

Respectfully submitted,

Bill Schuette
Attorney General

/s/ *John L. Thurber*
John L. Thurber
Assistant Attorney General
Attorney for Daniel Heyns
Complex Litigation Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
thurberj@michigan.gov
P44989

Dated:  October 1, 2018

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on October 1, 2018, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ *John L. Thurber*
John L. Thurber
Assistant Attorney General
Attorney for Daniel Heyns
Complex Litigation Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
thurberj@michigan.gov
P44989