# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Karen Franklin, as Personal Representative of the Estate of Keith Franklin, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>State of Michigan, et al.<br><br>    Defendants. | Case No: 2:16-cv-13587<br>District Judge: Laurie J. Michelson<br>Magistrate Judge: David R. Grand |

| | |
|---|---|
| MCKEEN & ASSOCIATES, P.C.<br>Kenneth D. Lee (P75886)<br>Attorney for Plaintiff<br>645 Griswold St., Ste. 4200<br>Detroit, MI 48226<br>(313) 961-4400<br>klee@mckeenassociates.com | CHAPMAN LAW GROUP<br>Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)<br>Jonathan C. Lanesky (P59706)<br>Wedad Suleiman (P81970)<br>Attorneys for Defendant Janak Bhavsar, M.D.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com<br>jlanesky@chapmanlawgroup.com<br>wsuleiman@chapmanlawgroup.com |

**DEFENDANT JANAK BHAVSAR, M.D.'S MOTION FOR RECONSIDERATION ON ORDER DENYING DEFENDANT'S MOTION TO PRECLUDE PLAINTIFF FROM ELICITING EXPERT TESTIMONY FROM PLAINTIFF'S EXPERT, DAVID MATHIS, M.D. [EFC NO. 122]**

NOW COMES Defendant JANAK BHAVSAR, M.D.; (the " Defendant"), by and through his counsel CHAPMAN LAW GROUP, and under E.D. Mich. LR 7.1(h), respectfully move for reconsideration of the Court's August 27, 2020 order denying Defendant's Motion to Preclude Plaintiff from Eliciting Expert Witness

Testimony from David Mathis, M.D., for the reasons set forth in the accompanying brief.

Pursuant to E.D. Mich. LR 7.1(a), the undersigned counsel sought concurrence to this motion on September 10, 2020 and concurrence could not be obtained.

                                                      Respectfully submitted,
                                                     CHAPMAN LAW GROUP

Dated: September 10, 2020        /s/Jonathan C. Lanesky
                                                   Ronald W. Chapman Sr., M.P.A.,
                                                   LL.M. (P37603)
                                                 Jonathan C. Lanesky (P59740
                                                 Attorneys for Defendant
                                                 1441 W. Long Lake Rd., Suite 310
                                                 Troy, MI 48098
                                                 (248) 644-6326
                                                 rchapman@chapmanlawgroup.com
                                                 jlanesky@chapmanlawgroup.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

Karen Franklin, as Personal Representative
of the Estate of Keith Franklin, Deceased,

        Plaintiff,

v.

State of Michigan, et al.

        Defendants.

Case No: 2:16-cv-13587
District Judge: Laurie J. Michelson
Magistrate Judge: David R. Grand

---

| McKeen & Associates, P.C. | Chapman Law Group |
|---|---|
| Kenneth D. Lee (P75886) | Ronald W. Chapman Sr., M.P.A., LL.M. (P37603) |
| Attorney for Plaintiff | Jonathan C. Lanesky (P59706) |
| 645 Griswold St., Ste. 4200 | Wedad Suleiman (P81970) |
| Detroit, MI 48226 | Attorneys for Defendant Janak Bhavsar, M.D. |
| (313) 961-4400 | 1441 West Long Lake Rd., Suite 310 |
| klee@mckeenassociates.com | Troy, MI 48098 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | jlanesky@chapmanlawgroup.com |
| | wsuleiman@chapmanlawgroup.com |

---

**BRIEF IN SUPPORT OF DEFENDANT JANAK BHAVSAR, M.D.'S MOTION FOR RECONSIDERATION ON ORDER DENYING DEFENDANT'S MOTION TO PRECLUDE PLAINTIFF FROM ELICITING EXPERT TESTIMONY FROM PLAINTIFF'S EXPERT, DAVID MATHIS, M.D. [EFC NO. 122]**

**PROOF OF SERIVCE**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................... iii

STATEMENT OF ISSUES PRESENTED ............................................................... v

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUTHT ........ vi

I. RELEVANT STATEMENT OF FACTS ......................................................... 1

II. STANDARD OF REVIEW .............................................................................. 2

   A. Fed. R. Civ. P. 59(e) ................................................................................... 3

   B. Fed. R. Civ. P. 60(b) ................................................................................... 4

III. ARGUMENT .................................................................................................... 5

IV. CONCLUSION ................................................................................................ 8

# INDEX OF AUTHORITIES

**Cases**                                                                                                                                                                     **Page**

*Brainard v. Am. Skandia Life Assur. Corp.*, 432 F.3d 655 (6th Cir. 2005)...............7

*Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 43 F.3d 1311 (9th Cir. 1995)....6, 7

*Exxon Shipping Co.* v. *Baker,* 554 U.S. 471 (2008) ....................................................3

*Feathers v. Chevron U.S.A., Inc.* 141 F.3d 264 (6th Cir 1998)................................3

*Gen. Corp., Inc.* v. *Am. Int'l Underwriters*, 178 F.3d 804 (6th Cir. 1999). ..............3

*Huff* v. *Metro. Life Ins. Co.,* 675 F.2d 119 (6th Cir. 1982) .........................................4

*Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167 (5th Cir. 1990)......4

*Marshall v. Monroe and Sons, Inc.*, 615 F.2d 1156 (6th Cir. 1980) .........................5

*Owner-Operator Independent Drivers Ass'n, Inc. v. Arctic Exp., Inc.,* 288 F. Supp. 2d 895 (S.D. Ohio 2003) ...................................................................................3

*Peake v. First Nat. Bank and Trust Co. of Marquette*, 717 F.2d 1016 (6th Cir. 1983) ................................................................................................................2

*R.C. Olmstead, Inc., v. CU Interface*, LLC, 606 F.3d 262 (6th Cir. 2010) ...............7

*Resolution Trust Corp. v. Holmes,* 846 F. Supp. 1310 (S. D. Tex. 1994) .................4

*Rodriguez* v. *Tennessee Laborers Health & Welfare Fund,* 89 F. App'x 949 (6th Cir. 2004)......................................................................................................4

*Salgado v. Gen. Motors Corp.*, 150 F.3d 73 (7th Cir. 1998).....................................7

*Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367 (6th Cir. 1998) ................................................................................................................3

*Thomas v. City of Chattanooga*, 398 F.3d 426 (6th Cir. 2005) ................................6

*United States v. Frazier*, 387 F.3d 1244 (11th Cir. 2004).........................................8

*United States v. Reyes*, 307 F.3d 451 (6th Cir. 2002)................................................5

*Van Skiver v. United States,* 952 F.2d 1241 (10th Cir 1991)....................................3

**Rules**                                                                             **Page**

E.D. Mich. LR 7.1(h) ................................................................................... 1, v, 3

Fed. R. Civ. P. 59(e)..................................................................................... passim

Fed. R. Civ. P. 60(b) .................................................................................. v, 2, 4, 5

Fed. R. Evid. 702 .................................................................................................6

## **STATEMENT OF ISSUES PRESENTED**

SHOULD THE COURT RECONSIDER ITS ORDER DENYNG DEFENDANT'S MOTION TO PRECLUDE PLAINTIFF'S EXPERT, DAVID MATHIS, M.D., FROM OFFERING EXPERT OPINIONS CONCERNING ALLEGED CONSTITUTIONAL VIOLATIONS AND/OR CAUSATION PURSUANT TO *DAUBERT* AND FED. R. EVID. 702?

    Defendant states:        YES.
    Plaintiff states:          NO.

## **CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUTHT**

Fed. R. Civ. P. 59(e)
Fed. R. Civ. P. 60(b)
Eastern District of Michigan Local Rule 7.1(h)

## I. RELEVANT STATEMENT OF FACTS

Neither Dr. Mathis' expert report nor his deposition testimony articulated the basis for his opinions and make no mention of the methods he used in arriving at his conclusions. Dr. Mathis' opinions are based on ***his assumption that the lymph node that Dr. Bhasvar documented was not on the left side of the neck but rather the right side of the neck on August 7, 2012***.

"It is my opinion that the lymph node Dr. Bhavsar found on examination was the first finding for Franklin's cancer" (**ECF No. 115-8 PageID.14258**)

"It is my opinion that the lymph node that Dr. Bhavsar documented was not on the left side of the neck but rather the right side of the neck." (**ECF No. 115-8, PageID.14258).**

During his deposition, Dr. Mathis was asked to explain his rational for why he believes Dr. Bhvasar must have been mistaken when he wrote (L) for left.

> A: … Right and left errors are common in medicine. Most people know that nurses label the correct limb when one goes to surgery because it's not rare for the wrong appendage to be operated on -- Dr. Bomber, the regional medical executive, said that of course it happens, right versus left errors. Dr. Holmes in his CT request said that it was on the left side. It's my opinion as an experienced board certified family physician that it's medically certain that this abnormality, the mass, lymph node detected by Bhavsar, was the sentinel finding for Franklin's squamous cell carcinoma.

**(ECF No. 115-9 PageID.14290-14291)**

When asked by Defendant's counsel about what Dr. Bhavsar's testimony and if Dr. Bhavsar noted on the left side, Dr. Mathis stated:

> Q: Regardless of your interpretation of whether mistakes were made or not, Dr. Bhavsar noted on the left side. In his deposition, he said he meant the left side; correct?
>
> * * *
>
> Q: Go ahead, Doctor.
> A: Yes.

**(ECF No. 115-9. PageID.14291).**

Dr. Mathis was again given an opportunity to explain the basis for this critical opinion.

> Q: It's your opinion that the large lymph node that Dr. Bhavsar found is the same as the nodule referred to on October 9, 2013; is that correct?
> A: I can't be certain it was the same, but I believe it was the sentinel finding.

**(ECF No. 115-9 PageID.14292).**

## II. STANDARD OF REVIEW

While the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, the 6th Circuit does provide for such a motion, "pursued either under Rule 59(e)- motion to alter or amend- or under Rule 60(b)- relief from judgment or order". *Peake v. First Nat. Bank and Trust Co. of Marquette*, 717 F.2d 1016, 1019 (6th Cir. 1983) (footnotes omitted); *see also, Feathers v. Chevron U.S.A.,*

2

*Inc.* 141 F.3d 264, 268 (6th Cir 1998) ("Where a party's Rule 59 motion is not filed within the mandatory 10-day period, it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir 1991).

Eastern District of Michigan Local Rule 7.1(h)(1) provides that motions for reconsideration must be filed within fourteen (14) days of the entry of the order.

### A. Fed. R. Civ. P. 59(e)

Under Fed. R. Civ. P. 59(e), a district court will reconsider a prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Independent Drivers Ass'n, Inc. v. Arctic Exp., Inc.,* 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003). A judgment may also be altered or amended when necessary "to prevent manifest injustice." *Gen. Corp., Inc.* v. *Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A motion under Rule 59(e), however, is "not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co.* v. *Baker,* 554 U.S. 471, 486 n. 5 (2008) (quotation omitted).

The grant or denial of a Rule 59(e) motion "is within the informed discretion of the district court." *Huff* v. *Metro. Life Ins. Co.,* 675 F.2d 119, 122 (6th Cir. 1982). Significantly, "justice does not require that the district court [grant reconsideration] on an issue that would not alter the district court's prior decision." *Rodriguez* v. *Tennessee Laborers Health & Welfare Fund,* 89 F. App'x 949, 959-60 (6th Cir. 2004).

**B. Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a district court "may relieve a party" from the effects of a "final judgment, order, or proceeding for the following reasons: (1) ***mistake, inadvertence, surprise, or excusable neglect;*** (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "The burden of establishing at least one of these 'exacting substantive requirements' is on the movant," and a determination of whether that showing has been made is within the district court's discretion. *Resolution Trust Corp. v. Holmes,* 846 F. Supp. 1310, 1314 (S. D. Tex. 1994) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-75 (5th Cir. 1990)).

4

Fed. R. Civ. P. 60(b)(1) is intended to provide relief in only two (2) situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order. *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002).

Our Circuit Court of Appeals has held that a party seeking relief from a judgment under that section must demonstrate both the existence of mistake, inadvertence, surprise or excusable neglect and must further demonstrate that he has a meritorious claim or defense. *Marshall v. Monroe and Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980).

### III.  ARGUMENT

In this case, the Court's Opinion allowing the testimony of Dr. Mathis, plaintiff's expert, should be reconsidered under either Fed. R. Civ. P. 59(e), or Fed. R. Civ. P. 60(b). Defendant asserts the second ground that the Order denying Defendant's Motion to Preclude Plaintiff from Eliciting Expert Testimony from Plaintiff's Expert, David Mathis, M.D. contains no analysis on the speculative nature of the testimony, but merely notes Plaintiff's expert's credentials.

While it's possible that Dr. Mathis, a board certified family practitioner with experience in the correctional setting may be qualified to testify to standard of care as to Defendant Dr. Bhavsar, his ***assumption that the lymph node that Dr. Bhavsar***

5

***documented was not on the left side of the neck but rather the right side of the neck on August 7, 2012*** is conclusory.

When reviewing Dr. Mathis expert report and his deposition testimony, it is clear that Dr. Mathis is relying upon his experience in forming his opinions, *See* Fed. R. Evid. 702 advisory committee's notes (2000). However, Dr. Mathis does not sufficiently explain how his experience leads to his conclusion, that the lymph node that Dr. Bhavsar documented was not on the left side of the neck but rather the right side of the neck. Further, Dr. Mathis failed to explain why that experience is sufficient, and how that experience is reliably applied to the facts as required by Rule 702.

Instead, Dr. Mathis is simply asking this Court to "take his word for it." *Thomas v. City of Chattanooga*, 398 F.3d 426, 432 (6th Cir. 2005). (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 43 F.3d 1311, 1319 (9th Cir. 1995). Dr. Mathis would like this Court to believe that his familiarity with InterQual, somehow supports his conclusion. What Dr. Mathis has failed to realize, is that InterQual was not used back in 2012. Dr. Bhavsar even testified that he had never been trained on InterQual, nor did he know what it was. (**ECF No. 115-3, PageID.14046, 91:19-22**).

In its gatekeeping function, the Court must do more than "take the expert's word for it." *Id*. While, Dr. Mathis may be basing his opinion that the lymph node

6

that Dr. Bhavsar documented was not on the left side of the neck but rather the right side of the neck upon his years of experience as a correctional health doctor and or family doctor, he failed to explain <u>how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.</u> Dr. Mathis has failed to tie any specific experience with the conclusions reached in this matter.

In *Daubert* the Supreme Court of the United States directed district courts faced with the proffer of expert testimony to conduct "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id*. at 592-93, 113 S. Ct. at 2796.

Here, Dr. Mathis' has not once articulated the basis for his opinion and makes no mention of the methods he used in arriving at his conclusion. Expert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions." *R.C. Olmstead, Inc., v. CU Interface*, LLC, 606 F.3d 262, 271 (6th Cir. 2010) (citing *Salgado v. Gen. Motors Corp.*, 150 F.3d 73, 742 n. 6 (7th Cir. 1998)). "[A]n expert opinion must 'set forth facts' and, in doing so, outline a line of reasoning arising from a logical foundation." *Id*. (citing *Brainard v. Am. Skandia Life Assur. Corp.*, 432 F.3d 655, 657 (6th Cir. 2005)). Excluding an expert's *ipse dixit* opinion testimony maintains the integrity of *Daubert's*

7

requirements because "[i]f admissibility could be established merely by the *ipse dixit* of an admittedly qualified expert, the reliability prong would be, for all practical purposes, subsumed by the qualification prong." *United States v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004). Dr. Mathis' *ipse dixit* opinions must be excluded because he fails to outline a line of reasoning arising from a logical foundation.

## IV.   CONCLUSION

This Court should reconsider its Opinion of August 27, 2020 [ECF No. 122] and deny the expert testimony of David Mathis, M.D., Plaintiff's Expert.

<div style="text-align:right">

Respectfully submitted,
CHAPMAN LAW GROUP

</div>

Dated: September 10, 2020         /s/ Jonathan C. Lanesky
                                  Ronald W. Chapman Sr., M.P.A.,
                                  LL.M. (P37603)
                                  Jonathan C. Lanesky (P59740)
                                  Attorneys for Janak Bhavsar, M.D.
                                  1441 West Long Lake Rd., Suite 310
                                  Troy, MI 48098
                                  (248) 644-6326
                                  rchapman@chapmanlawgroup.com
                                  jlanesky@chapmanlawgroup.com

## **PROOF OF SERVICE**

I hereby certify that on September 10, 2020 I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

<div style="margin-left:auto">

/s/ Jonathan C. Lanesky
Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
jlanesky@chapmanlawgroup.com

</div>